**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LLOYD DUANE SHEPHARD,

Defendant-Appellant,

v.

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

No. 97-3256
(District of Kansas)
(D.C. No. 94-CR-10046)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This case is before the court on petitioner Lloyd D. Shepard's motion for a certificate of appealability brought pursuant to 28 U.S.C. § 2253(c)(1)(B).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Shepard requests the certificate so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. Because Shepard has failed to make "a substantial showing of the denial of a constitutional right," we deny the request for a certificate of appealability and dismiss the appeal.

Shepard filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on April 23, 1997. As grounds for the motion, Shepard alleged that his attorney had been constitutionally ineffective in numerous particulars and that his guilty plea was not knowing and voluntary. The district court denied the § 2255 motion in a thorough and well-reasoned memorandum and order on July 3. After the district court denied Shepard a certificate of appealability, Shepard filed a motion for a certificate in this court. In his motion for a certificate of appealability before this court, Shepard abandoned many of the issues raised below and limited his issues on appeal to the following: (1) his counsel erroneously informed him that he could not appeal his conviction; and (2) his plea was not knowing and voluntary because he entered the plea based solely on the government's promise to drop and 18 U.S.C. § 924(c) weapons charge, a charge Shepard contends the government could not prove after the Supreme Court's decision in *United States v. Bailey*, 116 S. Ct. 501 (1995).

The district court rejected Shepard's claim of ineffective assistance of counsel on the following grounds:

> In accordance with the court's directive to respond to the allegations of ineffectiveness, defense counsel has submitted certain materials, including correspondence that he sent to the defendant. One such letter shows that counsel advised the defendant that he believed there were no grounds for a valid appeal and that any appeal would likely be unsuccessful. He expressly informed the defendant, however, that "you have the right to file an appeal" and that it had to be filed within ten days of entry of judgment. Additionally, the transcript of the sentencing hearing in this case shows that the court informed defendant that he had the right to appeal the sentence, subject to the provisions of 18 U.S.C. § 3742. Thus, the record shows that defendant was advised of his right to appeal.

As to Shepard's claim that his plea was not knowing and voluntary, the district court noted that Shepard does not dispute that at the time of the plea hearing he fully understood the nature of the charges and understood the consequences of pleading guilty to the reduced charges in the superseding indictment. Furthermore, Shepard does not dispute that he committed the acts set out in the superseding indictment and no threats or promises were made to get him to enter a plea of guilty. Finally, the Supreme Court had rejected arguments similar to those advanced by Shepard in *Brady v. United States*, 397 U.S. 742 (1970).

This court has reviewed *de novo* Shepard's motion for a certificate of probable cause and brief on appeal, the district court's memorandum order dated July 3, 1997, and the entire record on appeal. Based on that review, we conclude that the district court's resolution of the issues advanced by Shepard is not debatable among jurists of reason or subject to resolution by courts in a different manner. *Barefoot v. Estelle*, 463 U.S. 893 (1983). Accordingly, Shepard has not

made a substantial showing of the denial of a constitutional right and is thus not entitled to a certificate of appealability.  28 U.S.C. § 2253(c).

Shepard's motion for a certificate of appealability is **DENIED** and the case is **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge